UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

MICHAEL WAYNE LONG                                                    PLAINTIFF

v.                                                      CIVIL ACTION NO. 1:05CV-P21-M

KENTUCKY STATE PAROLE BOARD
COMMONWEALTH OF KENTUCKY                                              DEFENDANTS


<u>MEMORANDUM OPINION</u>

The plaintiff, Michael Wayne Long, filed a *pro se* civil action pursuant to 28 U.S.C.

§§ 1412(d)(1)(A), 2201 and 2202, alleging violations of federal and state law (DN 1).  Two

months after the plaintiff filed the complaint and without an order from this Court so directing,

the defendants filed a joint response and motion to dismiss (DN 13 & 14).  Because the plaintiff

is a prisoner seeking redress from governmental entities, however, the Court must *sua sponte*

review the complaint under 28 U.S.C. § 1915A.  *McGore v. Wrigglesworth*, 114 F.3d 601 (6th

Cir. 1997) ("A district court is required to screen all civil cases brought by prisoners, regardless

of whether the inmate paid the full filing fee, is a pauper, is pro se, or is represented by counsel

as the statute does not differentiate between various civil actions brought by prisoners.").  For

the reasons that follow, the instant action will be dismissed on initial review[1] thereby rendering

moot the motion to dismiss.

---

[1]Subsequent to the filing of the complaint, the plaintiff filed a petition for declaration of rights (DN 10), a motion to confirm the original complaint (DN 11), and a motion to substantiate the Federal Declaratory Judgment Act (DN 12).  The Court construes these filings as motions to amend.  The plaintiff has also recently filed a motion for leave to file an amended complaint (DN 17).  The Court will not consider the motions to amend because "'courts have no discretion in permitting a plaintiff to amend a complaint to avoid a sua sponte dismissal.'" *Baxter v. Rose*, 305 F.3d 486, 488 (6th Cir. 2002) (quoting *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997)).

# I. <u>SUMMARY OF FACTS AND CLAIMS</u>

The plaintiff, who is currently incarcerated in the Kentucky State Reformatory, brings this civil action against the Kentucky Parole Board and the Commonwealth of Kentucky, alleging violations of federal and state law and seeking declaratory and injunctive relief.

According to the complaint, the plaintiff is serving a life sentence imposed by the Logan Circuit Court.  He first met with the parole board on October 5, 1986, at which time the parole board ordered a parole deferment of twelve months.  A year later, on October 5, 1987, the plaintiff again met with the parole board, who ordered a twenty-four-month deferment.  On review in 1989, the parole board ordered a forty-eight-month deferment, and on review in 1993, it ordered a thirty-month deferment.  Finally, on November 5, 1995, the parole board ordered the plaintiff to "serve out the remaining sentence rendered of life imprisonment which in essence," claims the plaintiff, "is equivalent to a term of life with[out][2] the benefit of parole."

The plaintiff raises three claims.  First, he claims a liberty interest in "p[a]role review in intervals which were intact promulgated when the petitioner was final sentence" and thus alleges a violation of the Fourteenth Amendment to the United States Constitution and a violation of Sections 2 and 3 of the Kentucky Constitution and 501 KAR 1:010 and 1:011.  Second, he alleges that the defendants violated his "27th & 28th Kentucky Constitutional Amendment rights by abridging the Separation of Power Doctrine by applying the 'serve out' provision to [him], in essence, illegally and unlawfully enhancing [his] sentence . . . to a term of life without the benefits of probation or parole."  Finally, he contends that the defendants violated his "United

---

[2]The plaintiff actually wrote, "equivalent to a term of life *with* the benefit of parole," (emphasis added), but read in context with the other allegations and in a light most favorable to the *pro se* litigant, the Court concludes that the plaintiff intended to write "without parole."

States Article One & Ten Clause One, his Eighth and Fourteenth Amendments as well as his 2nd, 3rd, 13th, 17th and 19th Kentucky Constitutional Amendment rights to be free from Ex Post facto laws and cruel and usual punishment by applying the 'serve-out' provision."

## II.  STANDARD OF REVIEW

Under 28 U.S.C. § 1915A, this Court must review the instant action.  28 U.S.C. § 1915A ("The court shall review, . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."); *McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997).  Upon review, this Court must dismiss "the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

A complaint may be dismissed as frivolous under 28 U.S.C. § 1915A if it is premised on a nonexistent legal interest or delusional factual scenario.  *Neitzke v. Williams*, 490 U.S. 319, 329-30 (1989).  A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."  *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).  In reviewing a complaint under this standard, the Court must accept all factual allegations contained in the complaint as true and must also construe the pleading in the light most favorable to Plaintiff.  *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "the duty to be 'less stringent' with

*pro se* complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted); *see generally Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). And, this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975); *see also* Fed. R. Civ. P. 8(a)(2). To command otherwise would require this Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. <u>ANALYSIS</u>

The plaintiff provides the following jurisdictional statement in his complaint: "see Georgevich v. Strauss, 772 F.2d 1078, 1085-87 [3d. Cir. 1985]; cite 28 U.S.C. # 1412(d)(1)(A) Equal Access to Justice Act & under due process of law & by the Federal declaratory Judgment Act pursuant 28 U.S.C.# 2201-2202." Within the statement-of-claim portion of the complaint, the plaintiff additionally asserts violations of the United States and Kentucky Constitutions.

Jurisdiction of the federal courts is limited. The powers of federal district courts are enumerated in Article III of the Constitution. Federal courts hear only cases allowed under the Constitution or cases which Congress has entrusted to them by statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d 604, 606-07 (6th Cir. 1998). Therefore, "[t]he first and fundamental question presented by every case brought to the federal courts is whether it has jurisdiction to hear a case, even where the parties concede or do not raise or address the issue." *Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d at 606-07. The burden

of establishing jurisdiction rests with the plaintiff.  *Hedgepeth v. Tenn.*, 215 F.3d 608, 611 (6th Cir. 2000); *Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d at 606.

## A.  Federal Claims

Under the federal question statute, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  The Court will consider whether the plaintiff's federal claims properly invoke this Court's subject matter jurisdiction.

### 1.  28 U.S.C. § 1412(d)(1)(A)

Section 1412(d)(1)(A) of title 28 of the United States Code, to which the plaintiff references, does not exist.  While title 28 does contain a § 1412, that section pertains to a change of venue in a title 11 bankruptcy case, which is clearly not applicable here.  Thus, § 1412 is not a jurisdictional statute and cannot be used to invoke this Court's federal question jurisdiction.

### 2.  Equal Access to Justice Act

In citing to 28 U.S.C. § 1412(d)(1)(A), the plaintiff may have actually intended to cite to 28 U.S.C. § 2412(d)(1)(A), which is the Equal Access to Justice Act.  The Equal Access to Justice Act ("EAJA") "authorizes the payment of fees to a prevailing party in an action against the United States."  *Scarborough v. Principi*, 541 U.S. 401, 405 (2004) (citing 28 U.S.C. § 2412(d) (1)(A)).  In this nascent stage of the litigation, however, neither party has been determined to be a prevailing party.  And, this action is not against the United States but is against the Commonwealth of Kentucky and one of its entities.  Consequently, like § 1412, the

EAJA also fails to invoke federal question jurisdiction and fails to be a basis of subject matter jurisdiction itself.

### 3.  Declaratory Judgment Act

As to the plaintiff's claim of jurisdiction under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, "[i]t is well established that the Declaratory Judgment Act . . . is not an independent source of federal jurisdiction." *Louisville and Nashville R. Co. v. Donovan*, 713 F.2d 1243, 1245 (6th Cir. 1983).  "The Act only provides courts with discretion to fashion a remedy." *Heydon v. MediaOne of Southeast Mich., Inc.*, 327 F.3d 466, 470 (6th Cir. 2003). "[B]efore invoking the Act, the court must have jurisdiction already." *Id.*  Thus, the plaintiff cannot obtain declaratory relief unless this Court has jurisdiction on some other basis.

### 4.  *Georgevich v. Strauss*, 772 F.2d 1078, 1085-87 (3d. Cir. 1985) and Articles of and Amendments to the United States Constitution

The plaintiff cites to *Georgevich v. Strauss*, 772 F.2d 1078, 1085-87 (3d. Cir. 1985), and to Articles of and Amendments to the United States Constitution.  In *Georgevich v. Strauss*, Pennsylvania state prisoners brought a class action challenging state parole procedures on equal protection grounds.  The Third Circuit ultimately concluded that the district court should abstain from the action pending resolution in state court of whether a particular state statute applied to the class members.  Within the decision, the court also concluded that "[s]ince plaintiffs' claim relates only to process and not to the actual duration of confinement, . . . it could properly be brought as a § 1983 action." *Id.* at 1087.

To the extent that the plaintiff references the *Georgevich* decision along with various constitutional provisions for the purpose of asserting an action under 42 U.S.C. § 1983, over which this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343, such a claim

fails.  Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere.  As such, it has two basic requirements:  (1) the deprivation of federal statutory or constitutional rights by (2) a *person* acting under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).  In *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989), the Supreme Court held that "a State is not a person within the meaning of § 1983," *id.* at 64, and applied that holding to "governmental entities that are considered 'arms of the State.'"  *Id.* at 70.  As neither the Commonwealth of Kentucky nor the Kentucky Parole Board[3] is a person subject to suit under § 1983, the § 1983 claim must be dismissed for failure to state a claim upon which relief may be granted.

Alternatively, under the doctrine of sovereign immunity,[4] a state and its agencies may not be sued in federal court, regardless of the relief sought, unless the state has waived its immunity or Congress has overridden it.  *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124 (1984); *Alabama v. Pugh*, 438 U.S. 78l, 782 (1978).  The Commonwealth of Kentucky has not waived its immunity, *Adams v. Morris*, 90 Fed. Appx. 856, 857 (6th Cir. 2004), and in enacting § 1983,

---

[3]Under state law, the Kentucky Parole Board is an agency or arm of the Commonwealth of Kentucky, *see White v. Franks*, No. 2001-CA-001018-MR, 2003 WL 22520440, at *4 (Ky. Ct. App. Nov. 7, 2003) (noting that the Kentucky Parole Board is an agency of state government), and more specifically, it is an organizational unit within the Justice and Public Safety Cabinet of the Commonwealth.  *See* Exec. Order No. 2004-730 (July 9, 2004) (directing that the Kentucky Parole Board, along with other specified offices, departments or divisions, be "established as major organizational units of the [Justice and Public Safety] cabinet"); KY. REV. STAT. ANN. § 12.250, as amended.

[4]Under the Eleventh Amendment to the United States Constitution, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. CONST. amend. XI.  "While the Amendment by its terms does not bar suits against a State by its own citizens, [the Supreme Court] has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State."  *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974).

Congress did not intend to override the traditional sovereign immunity of the states.  *Whittington v. Milby*, 928 F.2d 188 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332 (1979)); *see also United States v. South Carolina*, 445 F. Supp. 1094, 1099 (D.S.C. 1977) ("The Declaratory Judgment Act . . . does not explicitly authorize suits against states and therefore cannot be used to circumvent the Eleventh Amendment.").  Thus, the Eleventh Amendment further bars a § 1983 action against the named defendants,[5] the Commonwealth of Kentucky and the Kentucky Parole Board.[6]

## B. <u>State Law Claims</u>

Because no federal claim survives initial review, the Court will not exercise supplemental jurisdiction over the plaintiff's state law claims.  *See* 28 U.S.C. § 1367.  Furthermore, diversity jurisdiction does not exist because the plaintiff and the defendants are not diverse in citizenship and the plaintiff has not met the amount-in-controversy requirement under the statute.  *See* 28 U.S.C. § 1332.  The state law claims must therefore be dismissed without prejudice.

---

[5]In the caption of the complaint, the plaintiff lists the Kentucky State Parole Board and the Commonwealth of Kentucky as defendants.  On page two, he lists the Kentucky State Parole Board as a defendant and provides its address, and he also provides the following information:  Commonwealth of Kentucky, Commonwealth Attorney General, A.B. Chandler, Frankfort, Kentucky 40031.  Presumably, the plaintiff is naming the Commonwealth of Kentucky as a defendant and referencing the Kentucky Attorney General merely for address/service purposes.  In the event, however, that the plaintiff may be attempting to sue the Kentucky Attorney General, the Court first notes that Gregory D. Stumbo is the current Attorney General.  Second, the Court advises that any § 1983 claim against the Attorney General would be time-barred by the applicable one-year statute of limitations, *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990), as the last act about which the plaintiff complains is the parole board's serve-out decision in November 1995, and the plaintiff did not file his complaint until February 16, 2005.

[6]*See, e.g., Fleming v. Martin*, No. 01-1422, 2001 WL 1176354, at *1 (6th Cir. Sept. 26, 2001) ("The [Michigan] Parole Board is entitled to Eleventh Amendment immunity."); *Kersey v. Tenn. Bd. of Paroles*, No. 95-5870, 1996 WL 185779, at *1 (6th Cir. Apr. 17, 1996) (concluding that the Tennessee Board of Paroles enjoys Eleventh Amendment immunity from a § 1983 suit for money damages and declaratory and injunctive relief).

The Court will enter a separate Order consistent with this Memorandum Opinion.

Date:

cc:      Plaintiff, *pro se*
         Counsel for Defendants
4414.005